UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JESSICA TIRCUIT                                    CIVIL ACTION

VERSUS                                             NO. 12-2423

NATIONAL LIABILITY AND                             SECTION "F"
FIRE INSURANCE COMPANY ET AL.

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand to state court.  For the reasons that follow, the motion is DENIED.

Background

This dispute arises out of a car accident and the alleged personal injuries that resulted from it.

On September 14, 2011, Jessica Tircuit was driving west on Religious Street in New Orleans, when a tractor-truck and trailer operated by Isayevich Khalil allegedly moved from the right lane to the left lane hitting Ms. Tircuit's vehicle near the intersection of Religious and Race Streets.  Ms. Tircuit filed suit on August 23, 2012, in the Civil District Court for the Parish of Orleans, naming as defendants Mr. Khalil; his employer, LGS Logistics, Inc.; his employer's insurer, National Liability and Fire Insurance Company; and State Farm Automobile Insurance Company, which provided uninsured/underinsured motorist coverage to Ms. Tircuit.

1

Service was made through the Louisiana Secretary of State on both National Liability and State Farm on September 11, 2012. LGS Logistics was also served under the Louisiana Longarm Statute on September 13, 2012. Mr. Khalil contends that he was never served in this case, and on September 21, 2012, along with National Liability, Mr. Khalil filed an Exceptions and Answer pleadings in state court.[1]

Pursuant to 28 U.S.C. § 1332, Mr. Khalil and National Liability removed the case to this Court on the basis of diversity of citizenship on October 2, 2012. Ms. Tircuit now moves the Court to remand the case to state court, alleging that co-defendants LGS Logistics and State Farm did not join in or consent to removal, therefore making removal procedurally defective.

Legal Standards

*I.*

Federal courts are courts of limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a) (2006). A district court has original

---

[1] In the state court pleadings, Mr. Khalil excepts to the original petition because of insufficiency of citation and service of process.

jurisdiction in a case in which the amount in controversy exceeds $75,000, and the parties are citizens of different states. See 28 U.S.C. § 1332. The plaintiff does not dispute that the amount in controversy exceeds $75,000 or that the parties are completely diverse here.[2]

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447. Any ambiguities are resolved in favor of remand, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278 (5th Cir. 2007); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

---

[2] In her memorandum in support of this motion to remand, Ms. Tircuit concedes that the amount in controversy is over $75,000. Moreover, Ms. Tircuit is a resident of Louisiana and Mr. Khalil is a resident of Colorado. National Liability is incorporated and maintains its principal place of business in Nebraska, LGS Logistics is incorporated and maintains its principle place of business in Illinois, and State Farm is incorporated and maintains its principal place of business in Illinois.

Under 28 U.S.C. § 1446(b)(3), the removal of a case is timely if filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In cases involving multiple defendants, the Fifth Circuit has adhered to the first-served defendant rule, under which all defendants need to join in the removal within thirty days of the date that the first defendant was served. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988). Congress, however, recently passed amendments to section 1446 that took effect in January 2012, which adopted the last-served rule.[1]  Section 1446(b) now mandates that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B).

Congress also codified the "rule of unanimity" in revising section 1446.  See, e.g., Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd., No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012) (citing H.R. Rep. No. 112-10, at 13 (2011)).  Section 1446(b)(2)(A) states that "[w]hen a civil

---

[1] The Federal Courts Jurisdiction and Venue Clarification Act took effect on January 6, 2012.  Act of Dec. 7, 2011, Pub. L. No. 112-63; 125 Stat. 758.

action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." To demonstrate defendants' unanimous consent to removal, the Fifth Circuit requires that each served defendant provide "some timely filed written indication" of consent. <u>Getty Oil Corp.</u>, 841 F.2d at 1262 n.11; <u>see</u> <u>also</u> <u>Crowley v. Amica Mut. Ins. Co.</u>, No. 12-775, 2012 WL 3901629 (E.D. La. Sept. 7, 2012) (noting that the recent amendments to the removal statutes do not affect the Fifth Circuit requirement of written consent by all defendants).

## I.   Discussion

Plaintiff contends that defendants' removal was procedurally defective because co-defendants LGS Logistics and State Farm failed to join in or consent to removal in violation of the rule of unanimity. Moreover, plaintiff alleges that this defect requires remand notwithstanding the fact that both co-defendants later entered written notices of consent into the record. The Court cannot agree.

A notice of removal must generally be filed within thirty days after service on a defendant. <u>See</u> 28 U.S.C. § 1446(b)(1). The thirty-day time period, however, is only triggered if the plaintiff's pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." <u>Chapman v.</u>

Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992); see also Krantz v. Pep Boys-Manny, Moe, & Jack, Inc., No. 08-1011, 2008 WL 2906513, at *1-2 (E.D. La. July 24, 2008).  Therefore, under section 1446(b)(3), the thirty-day time period begins once a defendant receives, through service or otherwise, an "amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Here, Ms. Tircuit's original petition is consistent with state law and does not indicate a specific amount of monetary damages.[2]  In response, Mr. Khalil and National Liability served Ms. Tircuit with a request for admission, asking whether Tircuit allegedly sustained or could sustain in the future damages less than $75,000.  On October 2, 2012, counsel for Mr. Khalil and National Liability called Ms. Tircuit's attorney to discuss the outstanding request for admission and received oral confirmation that damages would not be less than $75,000.  On the same day, October 2, 2012, Mr. Khalil and National Liability filed a notice of removal.  Two days later on October 4, 2012, Ms. Tircuit denied the admission stating "[p]laintiff does not stipulate to recovering less than [$75,000] the amount [defendants] specify."

---

[2] Under Article 893(A)(1) of the Louisiana Code of Civil Procedure, "[n]o specific monetary amount of damages shall be included in the allegation or prayer of any original, amended or incidental demand."  LA. CODE CIV. PROC. ANN. art. 893(A)(1) (2011).

Response to written discovery is considered an "other paper" under section 1446(b)(3) and, therefore, the thirty-day period for removal in this case commenced on October 2, 2012. See, e.g., Jupiter v. Lowe's Home Ctrs., Inc., No. 12-895, 2012 WL 2878639 (E.D. La. July 13, 2012) (noting that response to written discovery was the "other paper" that triggered the thirty-day period for removal under section 1446(b)(3)); Kimmons v. Racetrac Petroleum, Inc., No. 11-2901, 2012 WL 476222 (E.D. La. Feb 13, 2012) (same); McDaniel v. Home Depot U.S.A., Inc., No. 07-5575, 2007 WL 4144956 (W.D. La. Nov. 20, 2007) (holding that a doctor's report discussing plaintiff's injuries was "other paper" sufficient to start the thirty-day clock).

   Plaintiff contends that the unanimity rule was violated because LGS Logistics and State Farm did not join in or consent to removal. Plaintiff, however, overlooks the fact that it is not necessary for each of the defendants to sign the *original* notice of removal. See Goldman v. Nationwide Mut. Ins. Co., No. 11-1414, 2011 WL 3268853, at *2 (E.D. La. July 28, 2011) ("In order for all the defendants to 'consent' to the removal, it is not necessary for each of them to sign the original notice of removal . . . ."). Rather, "there must be some timely filed written indication from each served defendant . . . that it has actually consented" to removal. Getty Oil Corp., 841 F.2d at 1262 n.11; see also Goldman, 2011 WL 3268853, at *2. Because LGS

7

Logistics and State Farm filed written consents into the record on October 30, 2012 (well within the thirty-day period that started on October 2, 2012) all defendants in this case have joined in or consented to removal.

Moreover, plaintiff's reliance on <u>Crowley v. Amica Mutual Insurance Company</u> is misplaced. In <u>Crowley</u>, Amica Mutual Insurance Company removed the case and included in its notice of removal that "State Farm has consented," because Amica had previously received oral consent by telephone from State Farm. 2012 WL 3901629, at *1. The thirty-day period for filing began at the end of February 2012, and State Farm documented its written consent with affidavits on May 29, 2012, well after the conclusion of the thirty-day time period. <u>Id.</u> at *4. The court in <u>Crowley</u> held that oral representations committed to writing by co-defendants were insufficient to constitute written consent by all defendants. <u>Id.</u> Moreover, the court noted that the later filed affidavits "did not cure this defect" because the consents were filed *after* the thirty-day time frame. <u>Id.</u> Notably, and dispositive in this case, LGS Logistics and State Farm "cured" the potential unanimity defect by filing written consents into the record within the thirty-day time period.

Accordingly, remand is improper here and the plaintiff's motion is DENIED.

New Orleans, Louisiana, November 20, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE